# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| J.Z., a minor child by and through his father and next friend, JAESTON ZELLARS, | )<br>)<br>)<br>) |
| Plaintiff, | )  Case No. 3:25-cv-559-ECM-CWB |
| v. | )<br>)<br>) |
| CITY BOARD OF EDUCATION OF AUBURN, et al., | )<br>)<br>) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

City Board of Education of Auburn, Alabama (the "Board") removed this action from the Circuit Court of Lee County on July 23, 2025 (*see* Doc. 1) and promptly sought to be dismissed as a defendant (*see* Doc. 6). Plaintiff in turn opposed the requested dismissal and additionally moved to sever and remand the state law claims against the other defendants. (*See* Doc. 9). For the reasons explained below, it is the recommendation of the Magistrate Judge that the sole federal claim be dismissed and that the remaining claims be remanded to state court.

**I.    Background**

This action arises out of an incident at Yarbrough Elementary School in which J.Z., a minor child with special needs, allegedly was thrown onto the ground by a teacher's aide. (*See* Doc. 1-1 at p. 33 ¶¶ 8-10). As parent and next friend of J.Z., Plaintiff is seeking recovery against the teacher's aide and his immediate employer under various state law tort theories. (*See id*. at pp. 34-38). Plaintiff also is seeking recovery against the Board under 42 U.S.C. § 1983 for an alleged violation of substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution. (*See* Doc. 1-1 at pp. 34-39).

1

## II.    Legal Standard

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007).  The standard for dismissal was refined in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as follows:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory.  *Id.* at 680; *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal*, we begin by identifying conclusory allegations in the Complaint.").  After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the court to assume the veracity of well-pleaded factual allegations and determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'"  *Mack v. City of High Springs*, 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted).  Again, facial plausibility requires more than stating facts that establish a mere <u>possibility</u>.  *See Mamani*, 654 F.3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for

2

a plausible claim.") (emphasis in original). Plaintiffs instead must "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (internal editing and citation omitted); *see also id*. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter … that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citations omitted).

### III. Discussion

#### A. Plaintiff's claim under 42 U.S.C. § 1983

Count Seven of the First Amended Complaint purports to assert a claim against the Board under 42 U.S.C. § 1983. It is well settled, however, that a school district "may not be liable under section 1983 on a theory of *respondeat superior*." *Davis v. DeKalb Cnty. Sch. Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000). Rather, "[a] plaintiff seeking to impose liability on a municipality (school district) under section 1983 must identify a municipal 'policy' or 'custom' that caused a deprivation of federal rights." *Id.*; *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation.") (citations omitted). In other words, to establish liability against a governmental entity such as a school board, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also id*. at 1290 ("This prevents the imposition of liability based upon an isolated incident."); *Davis*, 233 F.2d at 1376 n.15 (discussing the rationale behind the "custom or policy" requirement); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978).

Although invoking 42 U.S.C. § 1983, Count Seven of the First Amended Complaint makes no allegation that the involved teacher's aide acted under an official policy or custom approved by the Board. *See A.W. by and through J.W.*, 110 F.4th 1309, 1317 (11th Cir. 2024) ("To state a claim against the school district under section 1983, the students must allege that a policy or custom of the district caused a constitutional violation.") (citation omitted). Even the most liberal reading of the First Amended Complaint suggests nothing more than a single isolated incident of misconduct in no way tethered to the Board itself. *See McDowell*, 392 F.3d at 1290 ("In order for a plaintiff to demonstrate a policy or custom, it is 'generally necessary to show a persistent and wide-spread practice.'") (quoting *Wayne v. Jarvis*, 197 F.2d 1098, 1105 (11th Cir. 1999)). Accordingly, Count Seven fails to state a plausible claim against the Board and should be dismissed. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.") (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

**B.     Plaintiff's claims under state law**

Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), but the exercise of such supplemental jurisdiction is discretionary. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). When, as here, all federal claims are resolved, the court thus may decline to exercise supplemental jurisdiction and remand the remaining claims back to state court. *See Myers v. Cent. Fla. Invs. Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("When federal law claims

4

have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."). Given the resolution of the only federal claim presented in the First Amended Complaint, and given general considerations of judicial economy, convenience, fairness, and comity, Plaintiff's state law claims should be remanded for appropriate resolution. *See Baggett*, 117 F.3d at 1353 ("State courts, not federal courts, should be the final arbiters of state law."); *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 864 (11th Cir. 2022) ("[C]oncerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of [remanding] state-law claims after the federal claims are dismissed."); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("In making this decision [whether to exercise supplemental jurisdiction after dismissal of all federal claims], the court 'should take into account concerns of comity, judicial economy, convenience, fairness, and the like.'") (citation omitted).

**C.     Conclusion**

For the reasons stated above, the Magistrate Judge hereby **RECOMMENDS** as follows:

- that the Board's Motion to Dismiss (Doc. 6) be granted such that Count Seven of the First Amended Complaint is dismissed with prejudice;

- that supplemental jurisdiction over the state law claims in Counts One through Six be declined pursuant to 28 U.S.C. §1367(c)(3);

- that the state law claims in Counts One through Six be remanded to the Circuit Court of Lee County, Alabama; and

- that Plaintiff's Motion to Sever and Remand (Doc. 9) be denied as moot.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **October 16, 2025**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 2nd day of October 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**